■ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Appellants, v ARC ELECTRICAL CONSTRUCTION CO., INC., et al., Respondents. [626 NYS2d 798] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered November 18, 1993, which, *inter alia,* denied plaintiffs' motion for summary judgment, without prejudice to renewal after additional parties are added, unanimously reversed, on the law and the facts, with costs, plaintiffs' motion for summary judgment is granted, and it is declared that Northbrook is obligated to defend and, if necessary, indemnify plaintiffs in the underlying action.

Plaintiff Morgan Trust Company owned 60 Wall Street and plaintiff Tishman Construction Corporation was the construction manager at the project. Arc Electrical Construction Co. contracted with plaintiffs to provide lighting and other electrical services at the project as well as indemnifying plaintiffs for any claims for bodily injury arising out of Arc's work. Pursuant to the contract, defendant Northbrook Property & Casualty Insurance Company issued a policy to Arc naming plaintiffs as additional insureds. Joseph Hickey, a construction worker, was injured when he fell down a stairwell that was alleged to have been improperly lighted.

This action seeks a declaration that Northbrook was obligated to defend and indemnify plaintiffs in the *Hickey* action. The IAS Court denied the motion for summary judgment for

failure to join Hickey or Travelers Insurance Company, plaintiffs' insurer, as parties and for failure to submit an affidavit of a party with the knowledge of the facts.

Plaintiffs' motion was supported by their attorney's affirmation: documentary evidence consisting of the contract between plaintiffs and Arc, Northbrook's insurance policy, the pleadings and records in similar cases previously decided at the Supreme Court.

An affidavit of a party with personal knowledge was unnecessary. The doctrine of res judicata barred defendants from relitigating the issues raised. Three motions in three cases, *Pioli v Morgan Guar. Trust Co.* (Sup Ct, NY County, Dec. 8, 1989, Altman, J.); *Kaplan v 60 Wall St. Corp.* (Sup Ct, NY County, May 24, 1991, Moskowitz, J.), and *Tishman Constr. Co. v Arc Elec.* (July 30, 1993), involved the same parties, the same insurance policies and the same contract at issue herein and only the injured party was a different worker. The orders therein barred relitigating the issues in this motion. In those cases Northbrook was found to be obligated to provide a defense for the plaintiffs and to have a duty to indemnify them if plaintiffs were found liable for any acts of Arc. Travelers was found not to be a necessary party in the actions. The IAS Court here was bound by these rulings even though Travelers had an interest in the action and would be obligated to fulfill the role of plaintiffs' insurer, if the primary insurer refused to defend and indemnify.

Northbrook's contention that it was provided with late notice of claim by the additional insureds is without merit as there is no proof in the record of a timely disclaimer. Concur —Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.